UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

NEXUS GROUP, LLC, a Virgin Islands limited
liability company,

                           **Plaintiff,**

      -against-

PRIME LINE NUTRA, LLC a New York limited
liability company, and BIOGENICS DIRECT, LLC,
a Florida limited liability company,

                           **Defendant.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Docket No. 14 CV 9433 (LLS)

ANSWER OF BIOGENICS
DIRECT, LLC TO FIRST
AMENDED COMPLAINT

        Defendant Biogenics Direct, LLC ("Biogenics"), through its attorneys, Kane Kessler, P.C. answers the First Amended Complaint of plaintiff Nexus Group, LLC ("Plaintiff"), as follows:

## NATURE OF THE ACTION

        1.    Denies the allegations set forth in paragraph 1 of the Complaint, except admits that Plaintiff purports to bring this action for the claims enumerated.

## JURISDICTION AND VENUE

        2.    Paragraph 2 is a conclusion of law for which no response is required. To the extent the Court requires a response, Biogenics denies knowledge or information sufficient to form a belief as to the truth of the allegations, and refers all issues of law to the Court for determination.

        3.    Paragraph 3 is a conclusion of law for which no response is required. To the extent the Court requires a response, Biogenics denies knowledge or information sufficient to

form a belief as to the truth of the allegations, and refers all issues of law to the Court for determination.

## PARTIES

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Admits that Prime Line Nutra, LLC ("PLN") is a New York limited liability company, but denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 5 of the Complaint.

6. Admits that Biogenics is a Florida limited liability company, but denies the remainder of the allegations set forth in paragraph 6 of the Complaint.

## FACTUAL ALLEGATIONS

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Denies the allegations set forth in paragraph 8 of the Complaint.

9. Denies the allegations set forth in paragraph 9 of the Complaint.

10. Denies the allegations set forth in paragraph 10 of the Complaint and refers to the invoices and emails therein for their full content and meaning.

11. Denies the allegations set forth in paragraph 11 of the Complaint and refers to the email referred to therein for its full content and meaning.

12. Denies the allegations set forth in paragraph 12 of the Complaint and refers to the email referred to therein for its full content and meaning.

13. Admits that Biogenics sent payment to Plaintiff for invoice N1201.

14. Admits that Biogenics made payment to Plaintiff on behalf of PLN.

15. Denies the allegations set forth in paragraph 15 of the Complaint and refers to the email referred to therein for its full content and meaning.

16. Denies the allegations set forth in paragraph 16 of the Complaint and refers to the email referred to therein for its full content and meaning.

17. Admits that Biogenics made payment to Plaintiff on behalf of PLN.

18. Denies the allegations set forth in paragraph 18 of the Complaint and refers to the email referred to therein for its full content and meaning.

19. Admits that Biogenics made payment to Plaintiff on behalf of PLN.

20. Denies the allegations set forth in paragraph 20 of the Complaint and refers to the emails and purported invoice referred to therein for their full content and meaning.

21. Denies the allegations set forth in paragraph 21 of the Complaint and refers to the checks referred to therein for their full content.

22. Denies the allegations set forth in paragraph 22 of the Complaint and refers to the Skype messages referred to therein for their full content and meaning.

23. Denies the allegations set forth in paragraph 23 of the Complaint.

24. Denies the allegations set forth in paragraph 24 of the Complaint.

25. Denies the allegations set forth in paragraph 25 of the Complaint and refers to the email referred to therein for its full content and meaning.

26. Denies the allegations set forth in paragraph 26 of the Complaint.

27. Denies the allegations set forth in paragraph 27 of the Complaint and refers to the email referred to therein for its full content and meaning.

28. Denies the allegations set forth in paragraph 28 of the Complaint and refers to the email referred to therein for its full content and meaning.

29. Denies the allegations set forth in paragraph 29 of the Complaint and refers to the email referred to therein for its full content and meaning.

30. Denies the allegations set forth in paragraph 30 of the Complaint insofar as they relate to any representation by Biogenics, and denies knowledge or information sufficient to form a belief insofar as they relate to any actions of Plaintiff.

31. Denies the allegations set forth in paragraph 31 of the Complaint.

32. Denies the allegations set forth in paragraph 32 of the Complaint.

33. Denies the allegations set forth in paragraph 33 of the Complaint, refers to the email referred to therein for its full content and meaning, and denies knowledge or information sufficient to form a belief as to the actions of Plaintiff.

34. Denies the allegations set forth in paragraph 34 of the Complaint.

35. Denies the allegations set forth in paragraph 35 of the Complaint.

36. Denies that Plaintiff had an "agreement" with Biogenics, and refers to the purported letter referred to in paragraph 36 of the Complaint for its full content and meaning.

37. Denies the allegations set forth in paragraph 37 of the Complaint.

38. Denies the allegations set forth in paragraph 38 of the Complaint.

39. Denies the allegations set forth in paragraph 39 of the Complaint and refers to the text message referred to therein for its full content and meaning.

40. Denies the allegations set forth in paragraph 40 of the Complaint.

41. Denies the allegations set forth in paragraph 41 of the Complaint.

42. Denies the allegations set forth in paragraph 42 of the Complaint.

43. Denies the allegations set forth in paragraph 43 of the Complaint.

44. Denies the allegations set forth in paragraph 44 of the Complaint.

45. Denies the allegations set forth in paragraph 45 of the Complaint.

46. Denies the allegations set forth in paragraph 46 of the Complaint.

47. Denies the allegations set forth in paragraph 47 of the Complaint.

48. Denies the allegations set forth in paragraph 48 of the Complaint.

49. Denies the allegations set forth in paragraph 49 of the Complaint.

50. Admits the allegations set forth in paragraph 50 of the Complaint.

51. Denies the allegations set forth in paragraph 51 of the Complaint.

52. Denies the allegations set forth in paragraph 52 of the Complaint.

**RESPONSE TO COUNT I: BREACH OF CONTRACT**

53. Biogenics repeats and re-alleges each and every response set forth in paragraph 1 through 52 above as if same were fully set forth herein.

54. Denies the allegations set forth in paragraph 54 of the Complaint.

55. Denies the allegations set forth in paragraph 55 of the Complaint.

56. Denies the allegations set forth in paragraph 56 of the Complaint.

57. Denies the allegations set forth in paragraph 57 of the Complaint.

58. Denies the allegations set forth in paragraph 58 of the Complaint.

59. Denies the allegations set forth in paragraph 59 of the Complaint.

**RESPONSE TO COUNT II: PROMISSORY ESTOPPEL**

60. Biogenics repeats and re-alleges each and every response set forth in paragraph 1 through 59 above as if same were fully set forth herein.

61. Denies the allegations set forth in paragraph 61 of the Complaint.

62. Denies the allegations set forth in paragraph 62 of the Complaint.

63. Denies the allegations set forth in paragraph 63 of the Complaint.

64. Denies the allegations set forth in paragraph 64 of the Complaint.

65. Denies the allegations set forth in paragraph 65 of the Complaint.

### RESPONSE TO COUNT III: UNJUST ENRICHMENT

66. Biogenics repeats and re-alleges each and every response set forth in paragraph 1 through 65 above as if same were fully set forth herein.

67. Denies the allegations set forth in paragraph 67 of the Complaint.

68. Denies the allegations set forth in paragraph 68 of the Complaint.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Complaint.

70. Denies the allegations set forth in paragraph 70 of the Complaint.

71. Denies the allegations set forth in paragraph 71 of the Complaint.

72. Denies the allegations set forth in paragraph 72 of the Complaint.

### RESPONSE TO COUNT IV: QUANTUM MERUIT/QUASI-CONTRACT

73. Biogenics repeats and re-alleges each and every response set forth in paragraph 1 through 72 above as if same were fully set forth herein.

74. Denies the allegations set forth in paragraph 74 of the Complaint.

75. Denies the allegations set forth in paragraph 75 of the Complaint.

76. Denies the allegations set forth in paragraph 76 of the Complaint.

77. Denies the allegations set forth in paragraph 77 of the Complaint.

78. Denies the allegations set forth in paragraph 78 of the Complaint.

79. Denies the allegations set forth in paragraph 79 of the Complaint.

392005

**RESPONSE TO COUNT V: FRAUD**

80. Biogenics repeats and re-alleges each and every response set forth in paragraph 1 through 79 above as if same were fully set forth herein.

81. Denies the allegations set forth in paragraph 81 of the Complaint.

82. Denies the allegations set forth in paragraph 82 of the Complaint.

83. Denies the allegations set forth in paragraph 83 of the Complaint.

84. Denies the allegations set forth in paragraph 84 of the Complaint.

85. Denies the allegations set forth in paragraph 85 of the Complaint.

86. Denies the allegations set forth in paragraph 86 of the Complaint.

87. Denies the allegations set forth in paragraph 87 of the Complaint.

88. Denies the allegations set forth in paragraph 88 of the Complaint.

89. Denies the allegations set forth in paragraph 89 of the Complaint.

**AS FOR A FIRST AFFIRMATIVE DEFENSE**

1. The Complaint fails to state a claim upon which relief may be granted.

**AS FOR A SECOND AFFIRMATIVE DEFENSE**

2. Plaintiff's claims are barred by the doctrines of unclean hands, bad faith and/or estoppel.

**AS FOR A THIRD AFFIRMATIVE DEFENSE**

3. There was never an agreement and/or privity between Plaintiff and Biogenics and, as such, Plaintiff's claims against Biogenics are barred as a matter of law.

392005

## AS FOR A FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff's equitable claims of promissory estoppel, unjust enrichment and quantum meruit are barred on the ground that Plaintiff alleges claim that there was an express agreement between it and PLN.

## AS FOR A FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiff's equitable claims of promissory estoppel, unjust enrichment and quantum meruit are duplicative of its claim for breach of contract.

## AS FOR A SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiff's claim for fraud is duplicative of its claims for breach of contract and its equitable claims of promissory estoppel, unjust enrichment and quantum meruit.

## AS FOR A SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiff has failed to allege its claim for fraud with the specificity required by the Federal Rules of Civil Procedure.

## AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

8.     Biogenics is not the alter ego of PLN.

## AS FOR AN NINETH AFFIRMATIVE DEFENSE

9.     This Court lacks personal jurisdiction over Biogenics.

392005

**WHEREFORE**, Biogenics requests that the Complaint be dismissed in its entirety, together with such other, further and different relief as to the Court seems just and proper.

Dated:  New York, New York
January 31, 2015

**KANE KESSLER, P.C.**

By: /s Gerard Schiano-Strain
Jeffrey H. Daichman
Gerard Schiano-Strain
1350 Avenue of the Americas
New York, New York 10019
Tel:  (212) 541-6222
Fax:  (212) 245-3009
jdaichman@kanekessler.com
gsstrain@kanekessler.com

392005