UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                :

NEXUS GROUP, LLC, a Virgin Islands limited
liability company,                         : Docket No. 14 CV 9433 (LLS)

                      Plaintiff,         :
                                        AFFIDAVIT OF ALAN HEIDE
      -against-                     : IN SUPPORT OF DEFENDANT
                                        PRIME LINE NUTRA, LLC'S
PRIME LINE NUTRA, LLC a New York limited   : MOTION TO VACATE
liability company, and BIOGENICS DIRECT, LLC,  DEFAULT
a Florida limited liability company,         :

                    Defendants.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Alan Heide, who, after having been first duly sworn under oath, deposes and says:

      1.    I am an individual over the age of eighteen (18) years and submit this Affidavit based upon personal knowledge of the facts stated herein.

      2.    I am the Chief Financial Officer for Defendant PRIME LINE NUTRA, LLC ("PLN").

      3.    On November 26, 2014, Plaintiff NEXUS GROUP, LLC ("Plaintiff") filed a Summons and Complaint in this action against PLN and Defendant BIOGENICS DIRECT, LLC ("Biogenics"). [DE 1].

      4.    Thereafter, on January 9, 2015, Plaintiff filed an Amended Complaint (the "Complaint") against PLN and Biogenics. [DE 11].

      5.    Although counsel appeared on behalf of Biogenics and filed its Answer and Affirmative Defenses on February 2, 2015 [DE 15], no response was ever filed on behalf of PLN.

      6.    On March 23, 2015, the Clerk of Court entered a Certificate of Default against

Docket No. 14 CV 9433 (LLS)

PLN (the "Default"). [DE 21].

7.  Thereafter, on March 23, 2015, Biogenics' counsel, Gerard Schiano-Strain, Esq., sought to withdraw as counsel of record for Biogenics based upon irreconcilable differences and filed his Motion to Withdraw on April 7, 2015. See DE 20, 22, 26-28.

8.  On April 23, 2015, Jan Douglas Atlas, Esq. submitted his Notice of Appearance on behalf of PLN and Biogenics [DE 32] and submitted a proposed Order Granting Substitution of Attorney. [DE 35].

9.  There is good cause for this Court to set aside the Default against PLN.

10. First, the Default was not willful. There was a miscommunication between PLN and Biogenics and their counsel, Gerard Schiano-Strain, Esq., as to whether PLN needed to or should respond to the Complaint.[1]

11. As set forth above, counsel for Biogenics, Mr. Strain, sought to withdraw from this matter on March 23, 2015. [DE 20]. Upon conferring with current counsel for PLN, PLN has determined that it needs to respond to the allegations of the Complaint and accordingly, PLN's counsel immediately contacted Plaintiff's counsel to determine if it had any objection.

12. Second, Plaintiff will not be prejudiced if the Default is vacated. This case is in its preliminary stages, and the parties have not yet engaged in any discovery. In fact, there has been no substantive activity by any of the parties in this case.

13. As soon as new counsel appeared on behalf of PLN and Biogenics, it immediately contacted Plaintiff's counsel and the parties participated in a Scheduling Conference on Friday, April 24, 2015.

14. PLN intends to engage in discovery and comply with all pre-trial requirements.

---

[1] More detailed discussions between PLN and Biogenics and their counsel are not being disclosed to protect the attorney-client privilege. As indicated in Paragraph 6 above, Mr. Strain sought to withdraw as counsel of record based upon irreconcilable differences and filed his Motion to Withdraw on April 7, 2015.

Docket No. 14 CV 9433 (LLS)

15. Since Plaintiff is going to be prosecuting this action against Biogenics, many of the same issues will need to be adjudicated relating to PLN.

16. For example, PLN has the following meritorious defenses (similar to Biogenics): to the extent that there was a "meeting of the minds" as alleged in the Complaint, Plaintiff did not meet PLN's expectations or deliver the services that it represented it could provide to PLN.

17. Further, PLN intends to raise the following Affirmative Defenses and possibly a Counterclaim based upon the following: the Complaint fails to state a claim upon which relief may be granted; Plaintiff's claims are barred by the doctrines of unclean hands, bad faith and/or estoppel; Plaintiff's equitable claims of promissory estoppel, unjust enrichment and quantum meruit are barred on the ground that Plaintiff alleges that there was an express agreement between it and PLN; Plaintiff's equitable claims of promissory estoppel, unjust enrichment and quantum meruit are duplicative of its claim for breach of contract; Plaintiff's claim for fraud is duplicative of its claims for breach of contract and its equitable claims of promissory estoppel, unjust enrichment and quantum meruit; Plaintiff has failed to allege its claim for fraud with the specificity required by the Federal Rules of Civil Procedure; and, to the extent that there was a "meeting of the minds" as alleged in the Complaint, Plaintiff did not meet PLN's expectations or deliver the services that it represented it could provide to PLN.

18. Further, should this Court vacate the default entered against PLN, PLN intends to file a motion to dismiss the Complaint due to pleading deficiencies in the Complaint as further set forth in the proposed Motion to Dismiss attached to PLN's Motion to Vacate.

19. Since PLN has many of the same, or substantially similar, meritorious defenses to Plaintiff's claims as Biogenics, there will certainly be no prejudice to Plaintiff if the default is vacated and the case is decided on the merits as to both Biogenics and PLN.

Docket No. 14 CV 9433 (LLS)

_____
ALAN HEIDE

STATE OF FLORIDA        )
                        )SS:
COUNTY OF MIAMI-DADE)

The foregoing instrument was acknowledged before me this 4TH day of May, 2015, by Alan Heide, who is personally known to me or has produced _____ as identification and who did/did not take an oath.

Notary Public:

sign _____

print Brandy Cabezas

State of Florida at Large (Seal)

My Commission Expires: July 16, 2017

BRANDY CABEZAS
MY COMMISSION #FF036648
EXPIRES July 16, 2017
(407) 398-0153   FloridaNotaryService.com