**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| NEXUS GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PRIME LINE NUTRA, LLC, and<br>BIOGENICS DIRECT, LLC,<br><br>Defendants. | ) | No. 14 CV 9433 (LLS)<br><br>**Rule 26(f) Report** |

Pursuant to Fed. R. Civ. P. 26(f), plaintiff Nexus Group, LLC ("Nexus Group" or "Plaintiff") and defendants Biogenics Direct, LLC ("Biogenics") and Prime Line Nutra, LLC ("Prime Line" or "Prime Line Nutra")[1], through their undersigned counsel, have conferred with regard to this action. Counsel have conferred on the claims and defenses, the potential for promptly resolving the case, the disclosures required by Fed. R. Civ. P. 26(a)(1), preserving discoverable information and the development of a discovery plan.

The parties report the following:

## I. Brief Description of the Case

### A. Plaintiff's Brief Description of the Case

Plaintiff brings this action seeking to be paid for advertising services it indisputably rendered to Prime Line Nutra and its alter ego Biogenics (collectively, "Defendants"). Plaintiff asserts causes of action against the alter egos Prime Line

[1] Defendant Prime Line has not filed an answer, and the Clerk's Certificate of Default was docketed on March 23, 2015 [DE 21]. Counsel for Prime Line entered his Notice of Appearance on April 23, 2015 [DE 33], and Prime Line now seeks to vacate the Certificate of Default, by filing its Motion to Vacate Default dated May 4, 2015. [DE 36].

Nutra and Biogenics for breach of contract, promissory estoppel, unjust enrichment, quantum meruit/quasi-contract, and fraud.

Nexus Group provides online advertising services. Prime Line Nutra purports to be a nutritional supplement business, selling non-FDA approved supplements online that promise to achieve weight loss, muscle growth and the like. Prime Line Nutra is actively advertising at this time, but does not pay its bills -- ever. Biogenics pays Prime Line Nutra's bills, as it did for a time with Nexus Group and as it continues to do -- for a time -- with other advertisers. Prime Line Nutra and Biogenics are two siblings in a family of over twenty entities, many shell and holding companies, owned or controlled by Carl Ruderman, his wife and his son Blake. The Rudermans intentionally defaulted Prime Line Nutra in this action, and can be expected to argue that its alter ego Biogenics was not in privity with Nexus Group -- even though it made every payment on behalf of Prime Line Nutra, and continues to do so with third parties now.

Defendants solicited, accepted and benefitted from advertising services provided by Nexus Group. After a couple of months where Biogenics paid Prime Line Nutra's bills on time, thereby inducing Nexus Group to continue supplying advertising traffic to Prime Line Nutra and Biogenics -- and after inducing more such traffic with false assurances that payment was forthcoming -- the Defendants have refused to pay for $568,632 in additional services that they requested and accepted and from which they benefitted. Defendants have engaged in the same pattern of deceit with other internet advertising providers.

The foregoing allegations are more fully set forth in Nexus Group's First Amended Complaint.

**B. Defendants' Brief Description of Their Defenses**

As alleged in Defendant Biogenics' Answer and Affirmative Defenses, Biogenics denies all of Plaintiff's material allegations in the Complaint.[2]

Biogenics and Prime Line (together, the "Defendants") assert that, to the extent that there was a "meeting of the minds" between Defendants and Plaintiff, Plaintiff did not meet Defendants' expectations or deliver the services that it represented it could provide to Plaintiffs.[3] Defendants seek to assert the following Affirmative Defenses: the Complaint fails to state a claim upon which relief may be granted; Plaintiff's claims are barred by the doctrines of unclean hands, bad faith and/or estoppel; there was never an agreement and/or privity between Plaintiff and Biogenics and, as such, Plaintiff's claims against Biogenics are barred as a matter of law; Plaintiff's equitable claims of promissory estoppel, unjust enrichment and quantum meruit are barred on the ground that Plaintiff alleges that there was an express agreement between it and Prime Line; Plaintiff's equitable claims of promissory estoppel, unjust enrichment and quantum meruit are duplicative of its claim for breach of contract; Plaintiff's claim for fraud is duplicative of its claims for breach of contract and its equitable claims of promissory estoppel, unjust enrichment and quantum meruit; Plaintiff has failed to allege its claim for fraud

[2] In its Motion to Vacate Default, Prime Line Nutra has requested that this Court vacate the default entered on March 23, 2015 and allow it to file the Motion to Dismiss attached as Exhibit "A" to the Motion to Vacate. [DE 36].

[3] Notwithstanding the foregoing, there was never an agreement and/or privity between Plaintiff and Biogenics and, as such, Plaintiff's claims against Biogenics are barred as a matter of law.

with the specificity required by the Federal Rules of Civil Procedure; Biogenics is not the alter ego of Prime Line; and the Court lacks personal jurisdiction over Biogenics.

Further, should this Court vacate the default entered against Prime Line, Prime Line will seek to dismiss the Amended Complaint (as asserted in the Motion to Dismiss attached as Exhibit "A" to the Motion to Vacate). [DE 36]. Thereafter, should Plaintiff cure the alleged deficiencies in the Amended Complaint, in addition to filing its affirmative defenses, will assert a Counterclaim against Plaintiff since, to the extent that services that were provided to Prime Line, Plaintiff failed to provide the quality of services as represented and induced Prime Line to enter into an arrangement for services.

## II. Contemplated Motions

Nexus Group anticipates filing a motion for summary judgment, but such a motion may be contingent on factual matters learned in discovery.

Defendant Prime Line filed a motion to vacate the default entered against Prime Line on May 4, 2015 and anticipates filing a Motion to Dimiss the Amended Complaint (as asserted in the Motion to Dismiss attached as Exhibit "A" to the Motion to Vacate). [DE 36].

## III. Prospects for Settlement

The parties have discussed settlement, but have not been able to amicably resolve the dispute as of this time. The parties remain open to discussing settlement.

## IV. Consent to Proceed Before Magistrate Judge Pitman on All Matters

The parties have not both consented to proceed before Magistrate Judge Pitman for all purposes and matters in this action.

## V. Preservation of Discoverable Information

In their initial Rule 26 conference, the parties discussed preservation of discoverable information and have agreed to discuss this issue further as discovery proceeds.

## VI. Discovery Plan

The parties have discussed a proposed discovery plan, but have not agreed on all dates. The following outlines the discovery plan and sets forth the respective dates proposed by the parties.

### A. Disclosures Required by Fed. R. Civ. P. 26(a)(1)

The parties have agreed to exchange the disclosures required by Fed. R. Civ. P. 26(a)(1) by May 13, 2015.

### B. Subjects of Discovery, Completion of Discovery, and Other Rule 26(f)(3)(B) Matters

The parties agree that discovery will be needed into, without limitation, the matters set forth in Section I above and in the pleadings in this action. At this time, the parties do not anticipate disputes over the subject matters of discovery in this case.

The parties agree that discovery shall commence immediately. Fact discovery will be completed by [*Plaintiff's Proposal: August 31, 2015 / Defendants' Proposal: October 13, 2015*]. Expert discovery will be completed by [*Plaintiffs' Proposal: August 31, 2015 / Defendants' Proposal: November 9, 2015*].

The parties agree that discovery should not be conducted in phases or be limited to or focused on particular issues.

**C. Discovery of Electronically Stored Information**

The parties have discussed electronically stored information during their initial Rule 26 conference and have agreed to produce electronically stored information in native format, to the extent that it exists and is in the parties' possession, custody and control.

**D. Claims of Privilege or Other Protection from Discovery**

Any documents requested in discovery as to which privilege is claimed, shall be identified by the party asserting the privilege in an index describing the nature of the document withheld and the privilege asserted in a manner that will enable the other party to assess the claim of privilege. The parties agree that it shall not be necessary to log communications exclusively among any party and its outside counsel in this case made after the date on which the Complaint was filed.

The parties agree to promptly confer in good faith regarding any objection to an interrogatory, request for the production of documents, or request for admission.

**E. Changes to Limitations on Discovery**

The parties agree that there is no need to narrow the scope of permissible discovery under the Federal Rules of Civil Procedure.

The parties agree that they presently do not anticipate a need for changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of this Court.

### F. Other Orders Needed Under Rules 26(c), 16(b), and 16(c)

The parties do not presently believe that other orders are needed under Rule 16(c). The parties request that a scheduling order be entered under Rule 16(b). The parties' respective proposed dates are set forth in the following Section VII. The parties anticipate submitting a proposed protective order under Rule 26(c).

## VII. Pretrial Schedule/Case Management Plan

The parties propose the following schedule and case management plan:

Discovery will commence immediately.

The disclosures required by Fed. R. Civ. P. 26(a)(1) will be exchanged on May 13, 2015.

At this time, Nexus Group anticipates deposing Blake Ruderman, Carl Ruderman, Svetlana Ruderman, Alan Heide and company representatives for Biogenics, Prime Line and BESVE Media, Inc. Subject to Defendants' discovery responses and production, Nexus Group anticipates taking these depositions during the last week of May 2015 and the second week of June 2015.

Defendants anticipate deposing the following individuals: company representatives for Nexus familiar with the allegations alleged in the Amended Complaint. Subject to Plaintiff's discovery responses and production, and based upon rulings by this Court, Defendants anticipate taking these depositions prior to the discovery cut-off.

Expert discovery will commence on [*Plaintiff's Proposal: July 31, 2015 / Defendants' Proposal: September 1, 2015*].

Expert disclosures, as required by Fed. R. Civ. P. 26(a)(2), are due on or before [*Plaintiff's Proposal: July 31, 2015 / Defendants' Proposal: September 1, 2015*].

Disclosures of rebuttal experts, as required by Fed. R. Civ. P. 26(a)(2), are due on or before [*Plaintiff's Proposal: August 21, 2015 / Defendants' Proposal: September 22, 2015*].

Fact discovery will close [*Plaintiff's Proposal: August 31, 2015 / Defendants' Proposal: October 13, 2015*].

Expert discovery will close [*Plaintiff's Proposal: August 31, 2015 / Defendants' Proposal: November 9, 2015*].

Non-dispositive motions (other than motions in limine and Daubert motions) may be made at any time but shall be made on or before [*Plaintiff's Proposal: September 4, 2015 / Defendants' Proposal: December 7, 2015*].

Dispositive motions and Daubert motions shall be made on or before [*Plaintiff's Proposal: September 4, 2015 / Defendants' Proposal: December 7, 2015*].

Oppositions to dispositive motions and Daubert motions shall be due on [*Plaintiff's Proposal: September 18, 2015 / Defendants' Proposal: December 31, 2015*].

Reply briefs on dispositive motions and Daubert motions shall be due on [*Plaintiff's Proposal: September 25, 2015 / Defendants' Proposal: January 11, 2016*].

Nexus Group will supply its pre-trial order materials to Defendants on or before [*Plaintiff's Proposal: October 1, 2015 / Defendants' Proposal: February 1, 2016*].

The parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and proposed findings of fact and conclusions of law on or before [*Plaintiff's Proposal: October 5, 2015 / Defendants' Proposal: February 1, 2016*].

Motions in limine shall be made on or before [*Plaintiff's Proposal: October 5, 2015 / Defendants' Proposal: February 1, 2016*].

Oppositions to motions in limine shall be due on [*Plaintiff's Proposal: October 13, 2015 / Defendants' Proposal: February 11, 2016*].

The final pre-trial conference pursuant to Fed. R. Civ. P. 16(d) will be held on ________________________ at ________.

**VIII. Length of Trial**

The parties estimate that the trial will take approximately 3-4 days. Both Nexus and Biogenics have made no demand for a jury trial. Prime Line asserts it has not waived its right to seek a jury trial if its Motion to Vacate is granted by the Court. Nexus asserts Prime Line has waived its right to seek a jury trial, even if the Motion to Vacate is granted, particularly given the circumstances of this case.

****

The parties are available at the Court's convenience, either in person or by telephone, to answer any questions the Court may have.

Dated: May 12, 2015

Respectfully submitted,

**DENTONS US LLP**

By: */s/ Kenneth J. Pfaehler*
Kenneth J. Pfaehler
1301 K Street, N.W.
Suite 600, East Tower
Washington, D.C. 20005
Telephone: (202) 408-6468
Facsimile: (202) 408-6399
kenneth.pfaehler@dentons.com

Kiran Patel
Dentons US LLP
1221 Avenue of the Americas
25th Floor
New York, New York 10021
Telephone: (212) 768-5392
Facsimile: (212) 768-6800
kiran.patel@dentons.com

*Attorneys for Plaintiff Nexus Group, LLC*

**KOPELOWITZ OSTROW FERGUSON WEISELBERG**

By: */s/ Jan Douglas Atlas*
Jan Douglas Atlas
200 SW 1st Avenue, 12th Floor
Ft. Lauderdale, FL 33301
Telephone: (954) 990-2213
Facsimile: (954) 525-4300
atlas@kolawyers.com

*Attorneys for Defendants Biogenics Direct, LLC and Prime Line Nutra, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of May, 2015, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record in this matter who are registered with the Court's CM/ECF system.

*/s/ Kenneth J. Pfaehler*
*Attorney for Plaintiff*