UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEXUS GROUP, LLC, a Virgin Islands
limited liability company

       Plaintiff,                               Docket No. 14 CV 9433 (LLS)

v.

PRIME LINE NUTRA, LLC, a New York
limited liability company, and BIOGENICS
DIRECT, LLC, a Florida limited liability
company,

       Defendant.
_____/

## DEFENDANT PRIME LINE NUTRA, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant PRIME LINE NUTRA, LLC ("PLN"), a New York limited liability company, by its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files its Motion to Dismiss Plaintiff's First Amended Complaint and Incorporated Memorandum of Law. For all the reasons set forth herein, PLN respectfully requests that this Court dismiss the First Amended Complaint (the "Complaint") [DE 11] for failure to state a claim.

## INTRODUCTION

On November 26, 2014, Plaintiff NEXUS GROUP, LLC ("Plaintiff") filed its First Amended Complaint, asserting claims against PLN for breach of contract (Count I), promissory estoppel (Count II), unjust enrichment (Count III), quantum meruit/quasi-contract (Count IV), and fraud (Count V) [DE 11]. The claims against PLN arise from a purported contract entered into by and between Plaintiff and PLN for internet advertising services that were to be provided by Plaintiff to PLN [DE 11 at ¶ 8]. Plaintiff alleges, *inter alia*, that PLN failed to pay for said advertising services, pursuant to the contract. [DE 11 at ¶ 24].

As set forth herein, the Complaint should be dismissed in its entirety, as Plaintiff's claims are improperly pled and fail to state a claim upon which relief can be granted.

## MEMORANDUM OF LAW

### I.      Standard on a Motion to Dismiss

This Court has articulated the legal standard for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as follows:

> On a Rule 12(b)(6) motion to dismiss a complaint, the court must accept a plaintiff's factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor." *Gonzalez v. Caballero*, 572 F. Supp. 2d 463, 466 (S.D.N.Y. 2008); *see also Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) 6 ("We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6) accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." (internal quotation marks omitted)). "In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted).
>
> The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his [or her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (third alteration in original) (citations omitted). Instead, the Court has emphasized that "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563. Plaintiffs must allege "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. But if a plaintiff has "not nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed." *Id.; see also Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))).

11795.11795-009/00608154_1

2

KOPELOWITZ OSTROW P.A.
200 S.W. 1st Avenue • Suite 1200 • Ft. Lauderdale, Florida 33301 • Telephone 954-525-4100 • Fax 954-525-4300

*Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona*, 915 F. Supp. 2d 574, 588 (S.D.N.Y. 2013).

When a claim is "premised on allegations of fraud," the allegations must satisfy the heightened particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure. *See In re: Morgan Stanley Info. Fund Sec.*, 592 F.3d 347, 358 (2d Cir. 2010); *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004). Rule 9(b) requires that a complaint "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Rombach*, 355 F.3d at 170; *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993). Rule 9(b) applies "to all averments of fraud," and the wording "is cast in terms of the conduct alleged, and is not limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action." *Rombach*, 355 F.3d at 171.

Where the requirements of Rule 9(b) apply, the complaint must explain the fraud "with a high degree of meticulousness" not required by Rule 8, *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000), which means that the plaintiff must identify the conduct amounting to fraud and explain why it is deceitful or misleading. *See Rombach*, 355 F.3d at 172 ("To meet the pleading standard of Rule 9(b), this Court has repeatedly required, among other things, that the pleading 'explain why the statements were fraudulent.'") (quoting *Mills*, 12 F.3d at 1175).

Here, the Complaint fails to comply with both Rules 8(a) and 9(b) and, therefore, should be dismissed.

KOPELOWITZ OSTROW P.A.
200 S.W. 1st Avenue • Suite 1200 • Ft. Lauderdale, Florida 33301 • Telephone 954-525-4100 • Fax 954-525-4300

## II.    Argument

### A.    Plaintiff's "Shotgun Pleading" Fails to Satisfy the General Rules of Pleading as Prescribed by Rule 8(a).

The Complaint should be dismissed for its failure to state a claim pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, as each and every one of Plaintiff's purported claims improperly incorporates by reference the previously-asserted claims.  Federal courts have criticized these types of "shotgun" pleadings.  For example, one district court explained:

> Defendants also assert that their Fourth Counterclaim is sufficient because it "makes reference to previous paragraphs of the counterclaim." This Court has strongly criticized such use of "shotgun pleading," by which a party pleads several counts or causes of action, each of which incorporates by reference the entirety of its predecessors. As this Court noted, "the shotgun pleader foists off one of the pleading lawyer's critical tasks--sifting a mountain of facts down to a handful of those that are relevant to a given claim--onto the reader." Courts roundly decry shotgun pleading as a subject of "great dismay," "intolerable," and "in a very real sense . . . [an] obstruction of justice." The Court will not act as counsel for Defendants and attempt to determine which facts may support this Fourth Counterclaim. Defendants have not made even a cursory attempt to specify what conduct by Plaintiffs violated the CCPA; thus, the Court will dismiss Defendants' Fourth Counterclaim for failure to state a claim.

*Int'l Acad. of Bus. & Fin. Mgmt. v. Mentz*, No. 12-00463, 2013 WL 212640, at *7 (D. Colo. Jan. 18, 2013) (citations omitted); *see also Coakley v. Jaffe*, 49 F. Supp. 2d 615, 625 (S.D.N.Y. 1999), *abrogated on other grounds by Curanaj v. Cordone*, 2012 WL 4221042 (S.D.N.Y. Sept. 19, 2012) (finding that "shotgun pleading" demonstrates "utter disrespect for Rule 8" and exists where the plaintiff sets forth a "potpourri of vague and conclusory allegations that for the most part are not explicitly linked to any specific factual assertions").

Plaintiff has asserted five (5) claims against PLN.  Plaintiff's claim for breach of contract (Count I), which starts at paragraph 53 of the Complaint, incorporates by reference the facts and allegations set forth in paragraphs 1-52 of the Complaint [DE 11 at ¶ 53].

Plaintiff's claim for promissory estoppel (Count II) not only incorporates the general

11795.11795-009/00608154_1

KOPELOWITZ OSTROW P.A.
200 S.W. 1st Avenue • Suite 1200 • Ft. Lauderdale, Florida 33301 • Telephone 954-525-4100 • Fax 954-525-4300

allegations in paragraphs 1-52 of the Complaint, but also incorporates the entire breach of contract claim, set forth in paragraphs 53-59 of the Complaint [DE 11 at ¶ 60]. Likewise, Plaintiff's claim for unjust enrichment (Count III), incorporates by reference Counts I and II of the Complaint [DE 11 at ¶66]; Plaintiff's claim for quantum meruit/quasi contract (Count IV) incorporates by reference Counts I-III of the Complaint [DE ¶73]; and Plaintiff's claim for fraud (Count V) incorporates by reference Counts I-IV of the Complaint [DE ¶ 80].

Plaintiff's Complaint is exactly the type of "shotgun pleading" that is disfavored by the federal courts, including this Court. Accordingly, Plaintiff's Complaint should be dismissed in its entirety for its failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure.

### B.    Plaintiff's Equitable Claims Must be Dismissed in Light of Plaintiff's Allegation that there is an Express Contract.

Plaintiff's equitable claims for promissory estoppel, unjust enrichment, and quantum meruit/quasi contract, which are all based upon the theory of quasi-contract (i.e., a contract "implied in law"), are barred as a result of the existence of an alleged express contract concerning the same subject matter allegedly covered in the implied contracts [DE 11 at Count I].

Quasi contracts, "arise in the absence of an express agreement and are based on the conduct of the parties, from which a fact finder may fairly infer the existence and terms of a contract." *Radio Today, Inc. v. Westwood One., Inc.*, 684 F. Supp. 68, 71 (S.D.N.Y. 1988). The existence of an enforceable contract between parties will prevent recovery in quasi-contract as between those parties. *See, e.g., Yonkers v. Otis Elevator Co.,* 844 F.2d 42, 48 (2d Cir.1988); *Nelson v. Stanley Blacker, Inc.,* 713 F. Supp. 107, 111 (S.D.N.Y.1989); *Radio Today,* 684 F.Supp. at 71; *Fox v. Lummus Co.* 524 F. Supp. 27, 29 (S.D.N.Y.1981).

Here, Plaintiff has asserted a legal claim for breach of contract (Count I), as well as

KOPELOWITZ OSTROW P.A.
200 S.W. 1st Avenue • Suite 1200 • Ft. Lauderdale, Florida 33301 • Telephone 954-525-4100 • Fax 954-525-4300

equitable claims for promissory estoppel (Count II), unjust enrichment (Count III), and quantum meruit/quasi contract (Count IV), which are all based upon the same subject matter (i.e., the products/services allegedly provided by Plaintiff to PLN).

While a plaintiff is generally entitled to plead alternative theories of liability pursuant to Federal Rule of Civil Procedure 8(e)(2), *see Paper Corp. of U.S. v. Schoeller Technical Papers, Inc.*, 742 F. Supp. 808, 812 (S.D.N.Y. 1990); *Baii Banking Corp. v. Altantic Richfield Co.*, 1990 WL 151124*5 (S.D.N.Y. October 3, 1990), in this case, Plaintiff's equitable claims are *not* being pled in the alternative. As previously stated, each one of Plaintiff's equitable clams incorporates by reference Plaintiff's claim for breach of contract [see DE 11 ¶¶ 60, 66, 73], thereby acknowledging the contract's existence for purposes of all of Plaintiff's claims. Since Plaintiff has alleged the existence of an express contract with PLN, Plaintiff's equitable claims, which are based upon the exact same subject matter, should be dismissed.

**C.    Plaintiff's Claim for Fraud Must be Dismissed, as it is Based Upon PLN's Failure to Perform Under the Alleged Contract.**

Plaintiff's claim for fraud (Count V) should be dismissed, as it merely alleges that PLN misrepresented its intention to perform pursuant to the purported contract.

To prove fraud pursuant to New York law, "a plaintiff must show that (1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance." *Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.*, 98 F.3d 13, 19 (2d Cir. 1996) (quoting *Banque Arabe et Internationale D'Investissement v. Maryland Nat'l Bank*, 57 F.3d 146, 153 (2d Cir. 1995)).

Plaintiff specifically identifies four (4) different statements allegedly made to Plaintiff by PLN's agents regarding the status of payment for products/services allegedly provided by

11795.11795-009/00608154_1

6

KOPELOWITZ OSTROW P.A.
200 S.W. 1st Avenue • Suite 1200 • Ft. Lauderdale, Florida 33301 • Telephone 954-525-4100 • Fax 954-525-4300

Plaintiff to PLN pursuant to the purported contract [*see* DE 11 at ¶¶ 82, 83, 84, 85]. Even assuming that "these representations were intended to lull [Plaintiff] into a false sense of security and that they did so to [Plaintiff]'s detriment…these [alleged] facts amount to little more than intentionally-false statements by [PLN's representatives,] indicating [their] intent to perform under the [purported] contract. *Bridgestone/Firestone, Inc.*, 98 F.3d at 19. The foregoing representations do not support a claim of fraud pursuant to New York law. *See id.*; *see also McKernin v. Fanny Farmer Candy Shops, Inc.,* 176 A.D. 2d 233, 234 (2d Dep't 1991) (where a fraud claim "is premised upon an alleged breach of contractual duties and the supporting allegations do not concern representations which are collateral or extraneous to the terms of the parties' agreement, a cause of action sounding in fraud does not lie"); *Metropolitan Transp. Auth. v. Triumph Advertising Productions*, 116 A.D. 2d 526, 527 (1st Dep't 1986) (dismissing fraud claim where claim "allege[d] only a breach of the representation of performance implicit in making the bid and a subsequent assurance of performance" by the defendant). *See generally Papa's-June Music, Inc. v. McLean*, 921 F. Supp. 1154, 1162 (S.D.N.Y.1996) (dismissing fraud claim where "[t]he complaint does not allege a fraud claim that is sufficiently distinct from the breach of contract claim" but "merely appends allegations about [defendant's] state of mind to the claim for breach of contract").

"To maintain a claim of fraud in such a situation, a plaintiff must either: (i) demonstrate a legal duty separate from the duty to perform under the contract; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages." *Bridgestone/Firestone Inc.*, 98 F.3d at 20 (citations omitted). Plaintiff's fraud claim meets none of the foregoing requirements. Accordingly, Plaintiff's claim for fraud (Count V) should be dismissed.

Docket No. 14 CV 9433 (LLS)

### D.    Plaintiff has Failed to Allege its Claim for Fraud with the Specificity Required by the Federal Rules of Civil Procedure.

In addition, Plaintiff's claim for fraud (Count V) should be dismissed, as it fails to allege fraud with the requisite specificity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.  This Court has recently articulated the standard for pleading fraud pursuant to New York law:

> In New York, a claim for common law fraud requires a plaintiff to plead (1) a material misrepresentation of fact, (2) knowledge of its falsity, (3) intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages. Additionally, fraud claims are subject to the particularity pleading requirements of Rule 9(b), under which a plaintiff must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." Moreover, in pleading scienter, a plaintiff needs to allege facts that give rise to a "strong inference" of fraudulent intent either by (1) showing that Defendants had the motive and opportunity to commit fraud or (2) providing strong circumstantial evidence of their conscious misbehavior or recklessness. Finally, in pleading damages, a plaintiff must allege loss causation — that is, that its reliance on the misrepresentation or omission proximately caused the loss.

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec. LLC*, No. 12-3723, 2013 WL 1294668, at *9 (S.D.N.Y. Mar. 28, 2013) (citations omitted).

Plaintiff fails to meet this standard.  Plaintiff's purported claim for fraud is merely a generic recitation of the elements of a fraud claim [*see* DE 11 at ¶¶ 81-89].  Furthermore, Plaintiff fails to allege any facts in support of its claim of scienter, i.e., that PLN allegedly "did not intend to make further payments to [Plaintiff] when [the alleged] representation was made." [DE 11 at ¶¶ 82, 83, 84, 85].  As one federal court explained, since *Iqbal*, a plaintiff cannot plead scienter "'simply by saying scienter existed.'" *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, No. 09-00511, 2012 WL 713829, at *11 (N.D. Cal. Mar. 5, 2012) (citation omitted). That is

KOPELOWITZ OSTROW P.A.
200 S.W. 1st Avenue • Suite 1200 • Ft. Lauderdale, Florida 33301 • Telephone 954-525-4100 • Fax 954-525-4300

precisely what Plaintiff attempts here.   Accordingly, Plaintiff's claim for fraud should be dismissed.

## CONCLUSION

For all the reasons set forth herein, Plaintiff's Amended Complaint must be dismissed, as the purported claims asserted therein fail to state a claim upon which relief can be granted.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been electronically filed with the Clerk of the Court via CM/ECF and that the foregoing document is being served on all counsel of record identified on the attached Service List this 1st day July, 2015.

Respectfully submitted,

KOPELOWITZ OSTROW P.A.

/s/ Samantha Tesser Haimo
Jan Douglas Atlas
atlas@kolawyers.com
Florida Bar No.  226246
Samantha Tesser Haimo
tesser@kolawyers.com
Florida Bar No. 148016
200 S.W. 1st Avenue, Suite 1200
Fort Lauderdale, FL  33301
(954) 525-4100 – Telephone
(954) 525-4300 – Facsimile

Counsel for Defendants Prime Line Nutra, LLC
and Biogenics Direct, LLC

11795.11795-009/00608154_1

9
KOPELOWITZ OSTROW P.A.
200 S.W. 1st Avenue • Suite 1200 • Ft. Lauderdale, Florida 33301 • Telephone 954-525-4100 • Fax 954-525-4300

Docket No. 14 CV 9433 (LLS)

**<u>SERVICE LIST</u>**

Nexus Group, LLC v. Prime Line Nutra, LLC and Biogenics Direct, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Docket No. 14 CV 9433 (LLS)

David J. Molton, Esq.
dmolton@brownrudnick.com
Mason Simpson, Esq.
msimpson@brownrudnick.com
Aaron B. Lauchheimer, Esq.
alauchheimer@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, New York l0036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

11795.11795-009/00608154_1

KOPELOWITZ OSTROW P.A.
200 S.W. 1st Avenue • Suite 1200 • Ft. Lauderdale, Florida 33301 • Telephone 954-525-4100 • Fax 954-525-4300