KOPELOWITZ OSTROW
FERGUSON WEISELBERG
KOLAWYERS.COM

200 SW 1st Avenue, Suite 1200
Fort Lauderdale, Florida 33301

Telephone: 954.525.4100
Facsimile: 954.525.4300

Samantha Tesser Haimo

Email: tesser@kolawyers.com

September 30, 2015

VIA ECF

The Honorable Louis L. Stanton
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 21C
New York, NY 10007-1312

Re: Nexus Group, LLC v. Prime Line Nutra, LLC, et al.
Case No. 14-cv-9433 (LLS)

Dear Judge Stanton:

We represent Defendants, Prime Line Nutra, LLC ("PLN") and Biogenics Direct, LLC ("Biogenics") (together, the "Defendants"), in connection with the above-referenced matter. Pursuant to Your Honor's Order dated September 17, 2015, the foregoing is in response to Plaintiff Nexus Group, LLC's ("Nexus") correspondence dated August 28, 2015, raising certain discovery matters (the "August 28th Letter").

Essentially, Nexus raises three (3) separate discovery issues in its August 28th Letter as follows: (1) alleged deficient interrogatory responses related to the ownership and business operations of PLN[1]; (2) alleged deficient interrogatory responses related to "merchant identification number(s)" associated with PLN;[2] and (3) alleged deficient document production. However, based upon the foregoing, Defendants maintain the positions they have asserted in their discovery responses and believe, in good faith, that they have attempted to secure responsive documentation and information, to the extent that they have been able to do so or subject to the objections lodged in their responses.

---

[1]See Nexus' First Set of Interrogatories to PLN dated July 1, 2015 at Interrogatory Nos. "5," "6," and "7," attached hereto as Exhibit "A."
[2]Id. at Interrogatory Nos. "8" and "9," attached hereto as Exhibit "A."

**Chronology of Events**

It is important to note that on or about June 10, 2015, the undersigned filed her Notice of Unavailability [DE 48], indicating that she would be out of the country and unavailable from July 29, 2015 through August 12, 2015.[3] Despite the Notice of Unavailability, Nexus' counsel sent a discovery letter to Defendants' counsel requesting that certain alleged discovery deficiencies be cured by August 10, 2015. While the undersigned was on vacation, there was a preliminary conference call held between Jan Douglas Atlas, Esq., on behalf of Defendants, and Nexus' counsel, to discuss some of the discovery issues with the understanding that the undersigned was the best person to address discovery issues.[4] During the conference call, Defendants' counsel suggested that the parties enter into a stipulation with regard to certain factual issues relating to Nexus' claims relating to an alter ego theory.[5] In fact, in order to narrow the focus and extent of discovery in this case so that the main issues could be determined by this Court (i.e. whether the services were, in fact, provided, and whether the services that were provided were as represented by Nexus to Defendants), Defendants offered to stipulate that for purposes of this case, PLN and Biogenics were the alter egos of one another.

In furtherance of the telephone conversation, on or about August 12, 2015, Nexus' counsel sent a proposed Stipulation of Uncontested Facts ("Stipulation") to Defendants' counsel for consideration. When the undersigned returned from vacation, she reached out to Nexus' counsel to coordinate a time to discuss the proposed Stipulation and the parties agreed to discuss discovery issues on August 19, 2015.[6] During the conversation, undersigned counsel advised that the proposed Stipulation, sent by Nexus' counsel, was too broad and that although certain information could be stipulated for purposes of this case, Defendants could not agree to all of the contents of the Stipulation. On August 24, 2015, Nexus' counsel advised that if Defendants could send a revised version of the Stipulation, a "workable solution" could probably be attained.[7] Accordingly, on or about August 25, 2015, Defendants proposed a Stipulation that would narrow the focus of the case and that stipulated, for purposes of the instant action, that PLN and Biogenics were alter egos of one another. Although Defendants have continued to inquire as to whether Nexus wanted to stipulate to these facts, Nexus has failed to confirm whether it would agree.[8] Again, Defendants believe

---

[3]Nexus' counsel was well-aware that the undersigned was the attorney handling all discovery issues in this case as she was the only one that handled discovery telephone conferences and other scheduling issues since Kopelowitz Ostrow P.A.'s appearance in this matter.

[4]See correspondence between Kristen Cardoso, Esq. and Nexus' counsel dated July 31, 2015, attached hereto as Exhibit "B."

[5]See First Amended Complaint at Para. 41-52. [DE 11].

[6]See correspondence between Samantha Tesser Haimo, Esq. ("Haimo") and Nexus' counsel dated August 16, 2015, and Mason Simpson, Esq.'s ("Simpson") response dated August 17, 2015, attached hereto as Exhibit "C."

[7]See correspondence from Simpson to Haimo dated August 24, 2015, attached hereto as Exhibit "D."

[8]See correspondence from Haimo to Simpson dated September 24, 2015, attached hereto as Exhibit "E."

that said stipulation will narrow the focus of the instant action and resolve many of the discovery issues raised by Nexus.

**Defendants' Interrogatory Responses**

In light of the foregoing discussions concerning Defendants' suggested agreement to stipulate that PLN and Biogenics are the alter egos of one another, Defendants have objected to certain discovery requests relating to the ownership and business operations of Defendants as irrelevant and not likely to lead to the discovery of admissible evidence. With the suggested stipulation that, for purposes of this litigation, PLN and Biogenics are the alter egos of one another, it would be irrelevant and simply harassing to seek documents and information relating to Defendants' business operations. Of note, Defendants served their responses and objections to discovery requests after the discussions with Nexus' counsel about the suggested agreement to stipulate as to these facts.

In addition to the Interrogatory Requests related to Defendants' business ownership and operations, Nexus also claims that Defendants' responses and objections to Interrogatory Nos. 8 and 9 are "inappropriate and illegitimate." However, a plain reading of the specific Interrogatories at issue supports Defendants' responses and objections.

Interrogatory No. 8 states as follows:

**Identify each merchant identification number associated with Prime Line that was used to process any traffic attributable to the services provided by Nexus Group.**

Defendants' response to Interrogatory No. 8:

**Objection, said Interrogatory is vague, ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence. Without further clarification, PLN is unable to provide a response.**

Interrogatory No. 9 states as follows:

**Identify each Person(s) associated with the merchant identification numbers referenced in Interrogatory No. 8.**

Defendants' response to Interrogatory No. 9:

**Objection, said Interrogatory is vague, ambiguous, irrelevant, not reasonably calculated to lead to the discovery of admissible**

**evidence. Without further clarification, PLN is unable to provide a response.**

It is impossible to understand what information Nexus is seeking in response to Interrogatory Nos. "8" and "9" without further clarification or a definition of the meaning of "merchant identification number." Simply put, Defendants have not been dilatory or unreasonable in connection with their responses to these discovery responses. In fact, Defendants specifically stated that they required "further clarification" as to what Nexus sought in response to these discovery requests. Without further clarification, Defendants are unable to frame an appropriate a response.

**Defendants' Document Production**

Nexus contends that Defendants have failed to provide responsive documents in response to Nexus' Requests for Production. However, a review of Defendants' responses and objections demonstrates that Defendants are not attempting to withhold documents. However, it appears from Nexus' August 28th Letter that it believes that Defendants should have a substantially larger amount of documents then what was produced. That is clearly not the case.

As alleged in the First Amended Complaint, Nexus is an Internet advertising agency and marketing consultant that provides advertising on social media network websites such as Facebook, with click-on links that permit traffic to be directed to the websites of its customers.[9] Accordingly, in response to Defendants' discovery requests seeking support for the services provided, Nexus produced a significant amount of documents supposedly supporting said services. However, just because Nexus has a significant amount of documents to produce to Defendants does not mean that Defendants have the same amount of documents to produce to Nexus. The sheer amount of Nexus' production should have no bearing on whether Defendants' production was inadequate.

Nonetheless, in response to Nexus' concerns related to document production, Defendants' counsel confirmed that she would regather responsive documents in electronic format (not simply PDF format as previously provided). Defendants should be able to disclose additional searchable information no later than Monday, October 5, 2015. As the undersigned explained to Defendants' counsel, Defendants' computer and electronic systems, as well as employees, are not as "high-tech" and "computer savvy" as Nexus' since computer advertising through the Internet is exactly what Nexus does and is its specialty. Unfortunately, it has just taken longer than expected to obtain the relevant documents in the format that Nexus has requested and Defendants have not intentionally attempted to thwart the discovery process. As previously stated herein,

[9] See First Amended Complaint at Para. 7. [DE 11].

some of the delay was simply related to the undersigned being out of the country for two (2) weeks when Nexus first raised its discovery concerns at the end of July, 2015.

For all the reasons stated herein, Defendants respectfully request that the relief sought by Nexus be denied and/or that Defendants be provided with additional time to amend its discovery responses. As this Honorable Court is aware, the fact discovery deadlines have been extended by one month; accordingly, there will be no prejudice to Nexus related to these issues.

Respectfully submitted,

KOPELOWITZ OSTROW P.A.

*/s/ Samantha Tesser Haimo*
Samantha Tesser Haimo

STH/hw
Enclosures

cc: (via ECF and email)
David J. Molton, Esq.
Mason Simpson, Esq.
Elizabeth A. Molino, Esq.